No Fee
No IFP
1545

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESENIA ACEVEDO,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 2:22-cv-1529 |
| | : | |
| **C&D SECURITY MANAGEMENT, INC.** | : | |
| **d/b/a ALLIED UNIVERSAL SECURITY** | : | |
| **SERVICES,** | : | COMPLAINT IN CIVIL ACTION |
| | : | |
| Defendant. | : | |

Filed on Behalf of Plaintiff:
Jesenia Acevedo

Counsel of Record for this Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

Travis A. Gordon
Pa. I.D. No. 328314

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:       jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESENIA ACEVEDO, | : |
| Plaintiff, | : |
| v. | : Case No.: 2:22-cv-1529 |
| C&D SECURITY MANAGEMENT, INC. d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : |
| Defendant. | : |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Jesenia Acevedo, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire and Travis A. Gordon, Esquire, who files the within Complaint in Civil Action against Defendant C&D Security Management, Inc. d/b/a Allied Universal Security Services of which the following is a statement:

## PARTIES

1. Plaintiff, Jesenia Acevedo (hereinafter "Ms. Acevedo"), is an adult individual who currently resides at 13 Coal Street, Dunley, Pennsylvania 15432.

2. Defendant, C&D Security Management, Inc. d/b/a Allied Universal Security Services (hereinafter "Defendant"), is a Pennsylvania corporation located at 161 Washington Street Suite 600, Conshohocken, Pennsylvania 19428.

## JURISDICTION AND VENUE

1. Jurisdiction is proper as Plaintiffs bring this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter "the FLSA"), the Pennsylvania Minimum Wage Act, 43

Pa. Stat. Ann. §333.101 *et seq*. (hereinafter "the PMWA"), and the Wage Payment and Collection Law 43 P.S. §260.1 *et seq*. (hereinafter "WPCL").

2. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.

3. A substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

4. In February of 2021, Ms. Acevedo began her employment with Defendant.

5. Ms. Acevedo was hired for the position of Assistant Field Supervisor and "Flex Worker."

6. Ms. Acevedo's job duties included management responsibilities and filling in for unfilled positions.

7. Ms. Acevedo was to be compensated at an hourly rate of $15.00 per hour paid on a bi-weekly basis, as well as overtime hours worked.

8. Upon information and belief, Defendant used a "call-in" and "call-out" clock in system where employees would call Defendant when arriving on-site and when leaving work.

9. Defendant often failed to compensate Ms. Acevedo her base pay rate and for overtime hours worked.

10. On other occasions, Defendant compensated Ms. Acevedo at an hourly rate of $11.00 per hour instead of her $15.00 hourly rate.

11. Ms. Acevedo complained to her Operations Manager and Field Supervisor about the lack of compensation on numerous occasions.

12. Defendant has acknowledged the payroll errors to Ms. Acevedo stating that they are working to resolve the problem.

13. Ms. Acevedo summarized the errors in an email to Defendant and provided pictures of incorrect time sheets.

14. Despite Ms. Acevedo's complaints, Defendant has failed to compensate her for unpaid base pay and overtime hours to date.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

15. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

16. Under the Fair Labor Standards Act (hereinafter "FLSA"), an employer is prohibited from employing an employee for a workweek "longer than forty hours unless such employee receives compensation" for hours worked more than the specified forty hours. 29 U.S.C.S. § 207(a)(1). This rate must be at a rate "not less than one and one-half times the regular rate at which [the employee] is employed." *Id*.

17. When a plaintiff seeks to establish an overtime claim under the FLSA, he must "sufficiently allege forty-hours of work in a given workweek as well as some uncompensated time in excess of the forty hours. *Rosario v. First Student Mgmt.*, LLC, 2016 U.S. Dist. LEXIS 108172 at *20 (E.D. Pa. 2016). The plaintiff is also required to "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly

scheduled shifts," so that "allegations concerning a typical forty-hour work week include an assertion that the employee worked additional hours during such a week." *Id*.

18. Plaintiff is an "employee" as defined by 29 U.S.C.S. § 203(b) of the FLSA.

19. Defendant is an "employer[s]" as defined by 29 U.S.C.S. § 203(e)(1) of the FLSA.

20. Ms. Acevedo was not paid by Defendant for regular and overtime hours worked in violation of 29 U.S.C.S. § 207(a)(1).

21. Further, Ms. Acevedo was not paid by Defendant her base rate pay related to the overtime hours they worked outside of the 40-hour work week.

22. On many occasions, Defendant paid $11.00 an hour, instead of the agreed upon $15.00 per hour, which affected her overtime pay.

23. Plaintiff regularly worked over forty hours within a 7 day period.  Plaintiff is in possession of her pay stubs.

24. As a direct and proximate result of the aforementioned conduct, Ms. Acevedo suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Jesenia Acevedo, respectfully request this Honorable Court enter judgment in her favor and against Defendant, and enter any and all wages, including base pay and overtime pay, due to Plaintiff, as well as attorney's fees and liquidated damages pursuant to 29 U.S.C.S. §216(b) of the Fair Labor Standards Act.

### COUNT II
### FAILURE TO PAY OVERTIME AND BASE RATE IN VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

25. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

26. The Pennsylvania Minimum Wage Act (hereinafter "PMWA") states that overtime pay is required "for hours in excess of forty hours in a workweek. 43 Pa. Stat. Ann. § 333.104(c). Further, the PMWA requires the same time-and-a-half payments for "all hours worked past 40 in a week." *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007) (citing 29 U.S.C.S. 207(a), 43 Pa. Stat. Ann. 333.104(c)).

27. Because the PMWA parallels the FLSA in "requiring employers to compensate their employees for overtime hours worked and has an identical standard of liability as the FLSA in overtime claims," courts analyze PMWA claims and FLSA claims under the same framework. *Rummel v., Highmark, Inc.*, 2013 U.S. Dist. LEXIS 162757 at *9 (W.D. Pa. 2013) (citing *Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 557-60 (E.D. Pa. 2013)).

28. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

29. Ms. Acevedo was not paid by Defendants for regular and overtime hours she worked in violation of 43 Pa. Stat. Ann. § 333.104(c).

30. As a direct and proximate result of the aforementioned conduct, Ms. Acevedo suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Jesenia Acevedo, respectfully request this Honorable Court enter judgment in her favor and against Defendant, and enter any and all wages, including base pay and overtime pay due to Plaintiff, as well as attorney's fees and liquidated damages as authorized by the Pennsylvania Minimum Wage Act.

## COUNT III
## FAILURE TO PAY WAGES IN VIOLATION OF THE WPCL

31. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

32. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2(a).

33. The Pennsylvania WPCL, 43 P.S. § 260.1 *et seq.*, however, does not provide "a statutory definition of the term 'employee'." *Frank Burns, Inc. v. Interdigital Communs. Corp.*, 704 A.2d 678, 680-81 (Pa Super. 1997).

34. Courts in Pennsylvania have held that "any person in Pennsylvania can qualify as an employee under the WPCL," because "grammatically, an 'employee' is an entity that is employed," and "in the definition of employer, the entity employed by the employer, i.e., the employee, is any person in Pennsylvania." *Frank Burns v. Interdigital Communs. Corp.* at 681.

35. Pennsylvania courts have thus narrowed the definition of employee accordingly: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." *Id.* (citing *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995)).

36. Ms. Acevedo was an employee working within the Commonwealth of Pennsylvania.

37. "Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer…All wages, other than fringe benefits and wage supplements, earned in any pay period

shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period." 43 Pa. C.S. § 260.3.

38. Defendant failed to compensate Ms. Acevedo for regular and overtime hours worked.

39. As set forth hereinabove, the Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

40. As a direct and proximate result of the aforementioned conduct, Ms. Acevedo suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Jesenia Acevedo, hereby requests this Honorable Court enter judgment in her favor and against Defendant, including an award for back pay, compensatory damages, liquidated damages, costs and attorney fees, in addition to such other relief as deemed just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: September 6, 2022

By: /s/ Joshua P. Ward
Joshua P. Ward (Pa. I.D. No.320347)
Travis A. Gordon (Pa.I.D.No.328314)

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff